1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11    LARRY E. TOMBS,                          No.  2:13-cv-1026 LKK KJN P
12              Plaintiff,
13        v.                                   ORDER
14    MICHAOL MACLEACY,
15              Defendant.
16

17        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2    true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

3    pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

4    (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5         Plaintiff names Michaol Macleacy, Captain in the Yuba County Sheriff's Department, as

6    the sole defendant.  Plaintiff sets forth detailed allegations leading up to his arrest on August 8,

7    2011.  However, most of his allegations pertain to his explanation of how his girlfriend fought

8    with plaintiff, and caused plaintiff to be arrested, thus allegedly enabling the girlfriend to steal

9    plaintiff's belongings.  While not entirely clear, it appears plaintiff contends that defendant

10   Macleacy was complicit in assisting plaintiff's girlfriend in taking plaintiff's personal property.

11        The United States Supreme Court has held that "an unauthorized intentional deprivation

12   of property by a state employee does not constitute a violation of the procedural requirements of

13   the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

14   the loss is available."  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  Thus, where the state

15   provides a meaningful postdeprivation remedy, only authorized, intentional deprivations

16   constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

17   carried out pursuant to established state procedures, regulations, or statutes.  <u>Piatt v. McDougall</u>,

18   773 F.2d 1032, 1036 (9th Cir. 1985); <u>see also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142,

19   1149 (9th Cir. 1987).

20        In the instant case, plaintiff has not alleged any facts which suggest that the deprivation

21   was authorized.  The California Legislature has provided a remedy for tort claims against public

22   officials in the California Government Code, §§ 900, <u>et seq.</u>  Because plaintiff has not attempted

23   to seek redress in the state system, he cannot sue in federal court on the claim that the state

24   deprived him of property without due process of the law.

25        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

26   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

27   court has determined that the complaint does not contain a short and plain statement as required

28   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

1   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

2   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

3   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

4   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

5   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

6          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

7   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

8   Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

9   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

10  some affirmative link or connection between a defendant's actions and the claimed deprivation.

11  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

12  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

13  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

15  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

16  complaint be complete in itself without reference to any prior pleading.  This requirement exists

17  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22         In accordance with the above, IT IS HEREBY ORDERED that:

23         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

27  Director of the California Department of Corrections and Rehabilitation filed concurrently

28  herewith.

4

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  August 30, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tomb1026.14

5

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY E. TOMBS,                          No.  2:13-cv-1026 KJN P

12                 Plaintiff,

13          v.                                 NOTICE OF AMENDMENT

14    MICHAOL MACLEACY,

15                 Defendant.

16

17          Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                     _____      Amended Complaint
      DATED:
20                                         _____

21                                         _____
                                           Plaintiff

22

23

24

25

26

27

28