UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. TOMBS, | No. 2:13-cv-1026 LKK KJN P |
| Plaintiff, | |
| v. | ORDER |
| MICHAOL MACLEACY, | |
| Defendant. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed August 30, 2013, plaintiff's complaint was dismissed with leave to file an amended complaint. After receiving an extension of time, plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff states that he is not challenging his conviction, but is challenging defendant's role in the robbery of, and damage to, plaintiff's property. (ECF No. 17 at 3.) Plaintiff contends that defendant gave plaintiff permission to stay on defendant's property, and that defendant allowed plaintiff's girlfriend to enter plaintiff's home while plaintiff was in jail, despite plaintiff having told defendant that the girlfriend did not live with plaintiff, and the girlfriend unlawfully took plaintiff's belongings, including plaintiff's vehicle. (ECF No. 17 at 2.) In addition, while plaintiff was in jail, defendant had plaintiff's trailer towed from the property, and had it destroyed. (Id.) Plaintiff now contends that defendant had plaintiff put in jail to get plaintiff off defendant's property. Plaintiff argues defendant violated plaintiff's due process rights.

However, plaintiff does not allege that defendant's acts were authorized. As plaintiff was previously informed, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Here, plaintiff contends defendant allowed plaintiff to use defendant's property, yet took plaintiff's trailer off the property and had it destroyed without plaintiff's permission. Plaintiff does not state that defendant acted according to established state procedures, statutes, or regulations, and fails to demonstrate defendant acted under color of state law.

Moreover, to the extent plaintiff seeks relief for alleged criminal acts, such as burglary or robbery, such claims are unavailing. The decision to charge an individual with criminal violations is solely within the discretion of the district attorney. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Satler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). "It is well settled that a private citizen may not use the courts as a means of forcing a criminal prosecution," Johnson v. Wennes, 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) (citing United States v. Nixon, 418 U.S. 683, 694 (1974)), and thus "an individual may not bring criminal charges against someone by filing a complaint in this Court," Wennes, at *4 (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)); see also Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (private individuals lack standing to assert criminal statutes). As no amendment could remedy these fundamental flaws, all claims based on the alleged criminal activity of defendant should be dismissed with prejudice. See Johnson, 2009 WL 1228500, at *4 (dismissing with prejudice private individual's attempt to state criminal claims).

To the extent that plaintiff now suggests that his arrest was unlawful, in that defendant allegedly arrested plaintiff solely for the purpose of getting plaintiff off defendant's property, it is likely that such a claim is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. Here, it appears plaintiff was convicted, and plaintiff includes no allegations suggesting that his conviction has been expunged or invalidated.

Although it does not appear that plaintiff can amend his complaint to state a cognizable civil rights claim, in light of plaintiff's recent release from prison, and his pro se status, the court will grant plaintiff one final opportunity to file a second amended complaint. Plaintiff should not renew his claims concerning defendant's alleged criminal acts, and should only amend his complaint if he can allege facts demonstrating a violation of his civil rights. Thus, plaintiff is not obligated to amend the complaint, but may ask the court to voluntarily dismiss his action.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tomb1026.14am

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. TOMBS, | No. 2:13-cv-1026 LKK KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| MICHAOL MACLEACY, | |
| Defendant. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Second Amended Complaint

        or

    _____    Voluntarily dismisses this action.

DATED:

    _____
    _____
    Plaintiff