UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. TOMBS,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAOL MACLEACY,<br><br>    Defendant. | No. 2:13-cv-1026 LKK KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint was dismissed with leave to file a second amended complaint. After re-service of the order on plaintiff's new address, plaintiff filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4   Cir. 1989); Franklin, 745 F.2d at 1227.

5       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
6   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
8   Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting Conley v. Gibson, 355
9   U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must
10  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
11  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
12  550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only
13  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""
14  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, in turn
15  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard,
16  the court must accept as true the allegations of the complaint in question, Erickson, id., and
17  construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S.
18  232, 236 (1974).

19      Plaintiff names Michael Macleacy, Yuba County Sheriff's Department, as the sole
20  defendant.  Despite being provided two prior opportunities to allege cognizable civil rights claims
21  against defendant, plaintiff has failed to comply with the court's prior orders.  Rather, in his
22  second amended complaint, plaintiff provides a narrative of events surrounding the placement of
23  his travel-trailer on "abandoned" property; plaintiff's subsequent arrest which left the trailer
24  unoccupied; the subsequent alleged theft of personal property from the trailer, complete with a
25  history of plaintiff's difficulties with the alleged perpetrator, Belinda Cagle; the towing and
26  destruction of his trailer; and Cagle's subsequent unauthorized sale of plaintiff's 1974 GMC truck
27  while plaintiff was incarcerated.  (ECF No. 21 at 1-5.)
28  ////

Specifically, plaintiff contends that defendant authorized plaintiff to place his trailer on the abandoned property, let Cagle into plaintiff's trailer even after plaintiff told defendant that Cagle did not live with plaintiff, allegedly allowing her to steal plaintiff's property, and then had plaintiff's trailer towed and destroyed. (ECF No. 21 at 2.) However, plaintiff does not allege what specific constitutional rights he claims defendant violated.[1]

Moreover, plaintiff does not allege that defendant's acts were authorized. As plaintiff was previously informed, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. The California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. Thus, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Here, plaintiff contends defendant allowed plaintiff access to defendant's property, and took plaintiff's trailer off the property and had it destroyed without plaintiff's permission. Plaintiff does not state that defendant acted according to established state procedures, statutes, or regulations, and fails to demonstrate defendant acted under color of state law.

In addition, plaintiff provided documents from the Yuba County Code Enforcement Division that notes that assigned officer John Rohrbach received a complaint about plaintiff's trailer, and tagged the trailer on August 11, 2011, warning the owner to remove the truck and

---

[1] Plaintiff includes allegations surrounding his arrest, and a complaint about how he wanted to fire his attorney in court (ECF No. 21 at 4), but in an earlier pleading, plaintiff confirmed that he is not challenging his conviction, but is challenging defendant's role in the alleged robbery of, and damage to, plaintiff's property. (ECF No. 17 at 3.) In any event, if plaintiff seeks to challenge his criminal conviction, he must do so through an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1  trailer within 24 hours or they would be towed.  (ECF No. 21 at 14.)  The very next day,

2  Rohrbach received a call from plaintiff's sister identifying plaintiff as the owner, and stating that

3  the truck was removed, and arrangements being made to remove the trailer.  (ECF No. 21 at 13.)

4  This document reflects Rohrbach's efforts to work with plaintiff's sister in order to allow plaintiff

5  time to remove the trailer, as well as his efforts to work with plaintiff and his sister to enable

6  plaintiff to retrieve his personal belongings from the trailer.  (ECF No. 21 at 10-14.)

7  Plaintiff alleges that his girlfriend did not want to file charges against him.  (ECF No. 21

8  at 4.)  Plaintiff also appears to claim that defendant facilitated alleged criminal acts, such as

9  burglary or robbery.  Such claims are unavailing.  The decision to charge an individual with

10  criminal violations is solely within the discretion of the district attorney.  Linda R.S. v. Richard

11  D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the

12  prosecution or nonprosecution of another."); Satler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988)

13  (neither member of public at large nor victim has right to have another criminally prosecuted).  "It

14  is well settled that a private citizen may not use the courts as a means of forcing a criminal

15  prosecution," Johnson v. Wennes, 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) (citing

16  United States v. Nixon, 418 U.S. 683, 694 (1974)), and thus "an individual may not bring

17  criminal charges against someone by filing a complaint in this Court." Wennes, at *4 (citing

18  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)); see also Diamond v. Charles, 476 U.S.

19  54, 64-65 (1986) (private individuals lack standing to assert criminal statutes).  As no amendment

20  could remedy these flaws, all claims based on the alleged criminal activity of defendant should be

21  dismissed with prejudice.  See Wennes, 2009 WL 1228500, at *4 (dismissing with prejudice

22  private individual's attempt to state criminal claims).

23  Plaintiff's second amended complaint fails to state a cognizable civil rights claim against

24  defendant, and it does not appear that plaintiff can allege facts supporting a cognizable civil rights

25  claim.

26  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended

27  complaint be dismissed.

28  ////

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 21, 2014

/tomb1026.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE